**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001701
25-OCT-2016
08:01 AM**

NO. CAAP-13-0001701

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


INDYMAC VENTURE, LLC, Plaintiff-Appellant, v.
RICHARD CHARLES HILLIARD; PATRICIA DIAN HILLIARD;
HONOLUA RIDGE, LLC; PLANTATION ESTATES LOT OWNERS'
ASSOCIATION; PACIFIC SOURCE, INC., Defendants-Appellees,
and JOHN and MARY DOES 1-20; DOE PARTNERSHIPS,
CORPORATIONS OR OTHER ENTITIES 1-20, Defendants,
and GARY PASSON, Intervenor-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0390(2))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant Indymac Venture, LLC (**Indymac**) appeals from the Circuit Court of the Second Circuit's (**Circuit Court's**) (1) September 17, 2012 Order Granting Indymac's Motion for Confirmation of Sale, Distribution of Proceeds and for Writ of Ejectment filed May 31, 2012 (**Confirmation Order**), (2) December 3, 2012 Findings of Fact and Conclusions of Law; Order (**Reconsideration Order**), and (3) June 14, 2013 Judgment

(Judgment) entered in favor of Third Party Intervenor-Appellee Gary Passon (**Passon**).[1]

Indymac raises five points of error on appeal, asserting that the Circuit Court erred when: (1) prior to orally confirming the sale to Passon, it refused to allow further, higher bidding on the subject Lahaina property (the **Property**) at the August 21, 2012 confirmation hearing (**Confirmation Hearing**); (2) at the Confirmation Hearing, it failed to consider or determine whether $1,005,000 was the highest and best price that could be obtained for the Property; (3) at the Confirmation Hearing, it determined that $1,005,000 was a fair and reasonable price for the Property and orally confirmed the sale to Passon for a bid price of $1,005,000; (4) it confirmed the sale to Passon for $1,005,000 in its Confirmation Order and subsequent Judgment; and (5) it denied Indymac's Motion for Reconsideration in its Reconsideration Order.

The gravamen of Indymac's appeal is that the Circuit Court improperly denied Indymac's request to reopen the bidding at the Confirmation Hearing. Indymac requests that this court vacate the Confirmation Order, Reconsideration Order, and Judgment, and remand the case to Circuit Court with instructions to allow further and higher bidding on the Property.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1]    The Honorable Kelsey T. Kawano entered the Confirmation Order. The Honorable Peter T. Cahill entered the Reconsideration Order and Judgment.

the arguments advanced and the issues raised by the parties, we resolve Indymac's appeal as follows:

A "lower court's authority to confirm a judicial sale is a matter of equitable discretion." Brent v. Staveris Dev. Corp., 7 Haw. App. 40, 45, 741 P.2d 722, 726 (1987) (quoting Hoge v. Kane II, 4 Haw. App. 533, 540, 670 P.2d 36, 40 (1983)). "In exercising its discretion, the court should act in the interest of fairness and prudence and with just regard for the rights of all concerned and the stability of judicial sales." Id. The lower court's exercise of discretion will not be disturbed on appeal unless there is a clear finding of abuse. Id. An abuse of discretion occurs if the lower court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party-litigant." Citicorp Mortgage, Inc. v. Bartolome, 94 Hawai'i 422, 428, 16 P.3d 827, 833 (App. 2000) (quoting State v. Jackson, 81 Hawai'i 39, 47, 912 P.2d 71, 79 (1996)).

It is well-recognized that "the successful bidder at a public auction is not vested with any interest in the land until the sale has been confirmed by the court." Brent, 7 Haw. App. at 45, 741 P.2d at 726 (citing Levy v. Broadway-Carmen Bldg. Corp., 8 N.E.2d 671, 675 (Ill. 1937)).

Here, at the hearing on Indymac's motion to confirm the (public auction) sale of the Property to Indymac, two persons indicated that they were interested in reopening the bidding. The Circuit Court ordered the parties and the interested bidders to step outside the courtroom and ordered the foreclosure

commissioner to reopen the bidding at a minimum of five percent over the last bid price. After a recess, the case was recalled and the commissioner informed the court that Passon was the high bidder, but that Indymac's counsel (**Counsel**) was requesting to reopen the auction again. The following exchange then took place:

> THE COURT: You -- you're intending to have a representative of the bank appear to up that $1,005,000.00 bid?
>
> [COUNSEL]: We would represent the bank, your Honor, and up the bid.
>
> THE COURT: Do you have authority at this time?
>
> [COUNSEL]: Yes, your Honor. And we apologize -- I apologize to the Court for not --
>
> THE COURT: Well, I need to understand what's going on here. Mr. Passon, your bid was hammered down by the commissioner, and I need to know if [Indymac] -- I'm understanding that you're asking for a continuance and a further reopening of that bid. And what I'm trying to ask is can you deal with that issue today? Because it's not a good practice for us to be going around and around repeatedly having people come back and reopen. Yes?
>
> So do you think you can make a call to your client and obtain authority to get this concluded today?
>
> [COUNSEL]: Your Honor, we have authority to conclude this matter today.
>
> THE COURT: All right. So what's the request then?
>
> [COUNSEL]: I would request that we reopen the bidding to allow [Indymac] to bid further.
>
> THE COURT: And that would be at this time?
>
> [COUNSEL]: Yes, your Honor.
>
> THE COURT: Mr. Passon?
>
> Mr. PASSON: Yes, sir.
>
> THE COURT: You said you wanted to say something just now.
>
> MR. PASSON: I would like to please, sir. I'd like to object to [Indymac's] attempt to reopen this, sir. We -- at your request, we stepped outside with other bidders, went through a bidding process that consisted of 10 to 15 rounds

4

of bidding going back and forth, bid, counter bid. At each round the bank was given the opportunity to bid or not to bid and each case they chose not to bid.

The commissioner then closed the bidding and closed the bidding asking if there was any last and final offers. Our offer was the best offer, your Honor.

And I feel that we acted in good faith. The other bidders have left, so there's no opportunity, I think, for them, if this was to be reopened, I think it would be asymmetric bid in process. And I feel like we've acted in good faith and this should be put forward and put through the way it's being presented by the commissioner.

THE COURT: Thank you. [Commissioner], did [Indymac] participate in the reopened bidding?

[COMMISSIONER]: No, your Honor. I received no offers from [Indymac] in the reopened bidding. It was Mr. Passon and another bidder by the name of Heather Whittenberg (phonetic). They were the only two that offered bids, your Honor.

But I would find out, I guess, your Honor, my role is just to get fair and reasonable and as high a bid as possible for the Court. So, you know, I've done what I can do for the Court unless the Court instructs me to do otherwise.

THE COURT: All right, ·Well it's a tough situation. And, Mr. Passon, I think you're entitled to a reasonable expectation that when the Court reopens bidding that we have the reopened bidding and be concluded.

So I'm going to deny [Indymac's] request to further reopen the bidding in this case. I am going to find that the bid price of $1,005,000.00 is a fair and reasonable price for the property and confirm sale at that amount.

Thus, there was no inquiry by the Circuit Court into the circumstances of Counsel's failure to bid (which failure to bid was followed immediately by Counsel's request to reopen the bidding). There also was no inquiry by the Circuit Court into whether further reopened bidding would be in the interest of fairness and prudence, and no consideration of the potential detriment to the party-litigants. Instead, the Circuit Court denied Indymac's request to reopen the bidding because it found that Passon was "entitled to a reasonable expectation that when

5

the Court reopens bidding that we have the reopened bidding and be concluded." The statement of Passon's entitlement is contrary to Hawai'i precedent, which clearly holds that a successful bidder is not vested with any interest until the sale has been confirmed and remains "at risk of having his bid rejected." Brent, 7 Haw. App. at 45, 741 P.2d at 726.

In response to the court's query, Counsel made clear that she was authorized to immediately up the bid and conclude the matter the same day. There is nothing in the record to indicate that a substantial delay would have resulted from a reopening of the bidding. In contrast, as the Circuit Court had previously found that the unpaid amount owed to Indymac totaled $4,842,439.45 as of October 31, 2011, the potential prejudice to the foreclosure defendants, i.e., prejudice related to a possible deficiency judgment, could not be ruled out, and the substantial financial impact on Indymac, stemming from Counsel's failure to bid (which she immediately attempted to rectify) and the court's refusal to reopen the bid, was clear in the record. The Circuit Court failed to consider the interests of the party-litigants, instead focusing exclusively on the "reasonable expectation" of the auction bidder, which is contrary to Hawai'i law.

Under the particular circumstances of this case, we conclude that the Circuit Court abused its discretion when it denied Indymac's request to reopen the bidding. Therefore, we vacate the Confirmation Order, Reconsideration Order, and

Judgment, and remand this case to the Circuit Court for reopened bidding on the Property.[2]

DATED: Honolulu, Hawai'i, October 25, 2016.

On the briefs:

Craig K. Shikuma,
Jesse W. Schiel,
(Kobayashi Sugita & Goda)
for Plaintiff-Appellant.

Deborah K. Wright,
Keith D. Kirschbraun,
Douglas R. Wright,
(Wright & Kirschbraun)
for Intervenor-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2]    We note that the Second Circuit's practice of setting a minimum bid for re-opening was viewed favorably in Sugarman v. Kapu, 104 Hawai'i 119, 122, 85 P.3d 644, 647 (2004).